Case 2:10-cr-00056-MSD -FBS Document 2 Filed 04/20/10 Page 1 of 2 PageID# 9

FILED
IN OPEN COURT

APR ? 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | ) | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NUMBER 2:10cr 56 |
| GRAND JURY PROCEEDINGS | ) | |
| | ) | **UNDER SEAL** |

## MOTION TO SEAL INDICTMENT

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Joseph E. DePadilla, Assistant United States Attorney, pursuant to Local Criminal Rule 49(B) moves to seal the indictment and arrest warrants in this case.

Sealing is necessary to protect the safety of the arresting officers and to ensure that the arrests and transport to the United States may be conducted in a timely, secure manner. The defendants named in the indictment were taken into the custody of the Department of Defense on or about March 31 to April 1, 2010 after they participated in an armed attack on the USS Nicholas, a U.S. Navy guided missile frigate. The Department of Defense will turn the defendants over to the custody of the FBI, which will execute the arrest warrants issued in this matter. That transfer of custody is anticipated to take place on or about April 21-22, 2010. Thereafter, the defendants will be transported to the United States for prosecution.

If the indictment were returned publicly before the defendants are brough to the United States, there is a risk that international publicity generated by the indictment would create a risk to officer safety as the officers participate in the transfer of custody and transport of the defendants. This publicity could also hinder the FBI's ability to proceed with the transfer as scheduled, thereby delaying the appearance of the defendants before this Court.

Another procedure will not adequately protect the needs of law enforcement at this time. Such sealing is within the discretion of this Court and may be granted "for any legitimate

prosecutorial need." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also, In re Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989).

The United States requests that the Court create an exception to its sealing order, authorizing the United States to publish the indictment and/or arrest warrants to law enforcement agents, Department of Defense personnel, and Department of State personnel. The United States further requests that the Court create an exception to its sealing order allowing FBI agents to publish the indictment and/or arrest warrants to any other persons, the disclosure to which would facilitate the execution of the arrest warrants and the transfer of the defendants to FBI custody and subsequent transport to the United States.

The United States requests that the indictment and arrest warrants otherwise remain under seal until the initial appearances of the defendants at which time the indictment may be treated as a matter of public record.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
Joseph E. DePadilla
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510