AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case



FILED
MAR 1 8 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

MOHAMMED MODIN HASAN

Defendant.

Case Number: 2:10cr56-001

USM Number: 75673-083

Defendant's Attorney: James Theuer

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1-14 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following count(s) involving the indicated offense(s).

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC, Sections 1651, 3238 and 2 | Piracy under the Law of Nations | Felony | April 1, 2010 | 1 |
| T. 18, USC, Sections 1659, 3238 and 2 | Attack to Plunder Vessel | Felony | April 1, 2010 | 2 |
| T. 18, USC, Sections 2291(a)(6), 2290(a)(2), 3238 and 2 | Act of Violence Against Persons on a Vessel | Felony | April 1, 2010 | 3 |
| T. 18, USC, Sections 2291(a)(9), 2290(a)(2) and 3238 | Conspiracy to Perform Act of Violence Against Persons on a Vessel | Felony | April 1, 2010 | 4 |
| T. 18, USC, Sections 113(a)(3), 3238 and 2 | Assault with a Dangerous Weapon in the Special Maritime Jurisdiction | Felony | April 1, 2010 | 5 |
| T. 18, USC, Sections 113(a)(3), 3238 and 2 | Assault with a Dangerous Weapon in the Special Maritime Jurisdiction | Felony | April 1, 2010 | 6 |
| T.18, USC, Sections 111(a)(1), 111(b), 3238 and 2 | Assault with a Dangerous Weapon on Federal Officers and Employees | Felony | April 1, 2010 | 7 |
| T.18, USC, Sections 111(a)(1), 111(b), 3238 and 2 | Assault with a Dangerous Weapon on Federal Officers and Employees | Felony | April 1, 2010 | 8 |
| T.18, USC, Sections 924(o) and 3238 | Conspiracy Involving Firearm and a Crime of Violence | Felony | April 1, 2010 | 9 |
| T.18, USC, Sections 924(c)(1)(A)(iii), 3238 and 2 | Use, Carry, and Possession of Firearm in Relation to Crime of Violence | Felony | April 1, 2010 | 10 |
| T.18, USC, Sections 924(c)(1)(A)(iii), 3238 and 2 | Use, Carry, and Possession of Firearm in Relation to Crime of Violence | Felony | April 1, 2010 | 11 |
| T.18, USC, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238 and 2 | Use, Carry, and Possession of Firearm in Relation to Crime of Violence | Felony | April 1, 2010 | 12 |
| T.18, USC, Sections 844(m) and 3238 | Conspiracy to Carry an Explosive During the Commission of a Felony | Felony | April 1, 2010 | 14 |

Case Number:     2:10cr56-001
Defendant's Name: MOHAMMED MODIN HASAN

Count 13 is dismissed pursuant to order of the Court filed on March 9, 2011.

As pronounced on March 14, 2011, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 18 day of March, 2011.

_____/s/_____
Mark S. Davis
United States District Judge

Case Number: 2:10cr56-001
Defendant's Name: MOHAMMED MODIN HASAN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE LIFE TERM plus 960 months, consecutive. The term consists of LIFE on Count 1, One Hundred Twenty (120) months on Count 2, Two Hundred Forty (240) months on Count 3, Two Hundred Forty (240) months on Count 4, One Hundred Twenty (120) months on Count 5, One Hundred Twenty (120) months on Count 6, Two Hundred Forty (240) months on Count 7, Two Hundred Forty (240) months on Count 8, Two Hundred Forty (240) months on Count 9, and Two Hundred Forty (240) months on Count 14, all to be served concurrently to each other and to the Life term; as well as Three Hundred (300) months on Count 10, Three Hundred (300) months on Count 11, and Three Hundred Sixty (360) months on Count 12, all to be served consecutively to the concurrent terms and to each other.

The Court considers Count 12 to be the first conviction under the 18 U.S.C. § 924(c) Counts and Counts 10 and 11 to be the second or subsequent convictions under the 18 U.S.C. § 924(c) Counts for purposes of 18 U.S.C. § 924(c)(1)(C).

The Court makes the following recommendations to the Bureau of Prisons:

(1) The defendant shall be incarcerated in a facility where there are other Somali speaking individuals, subject to the Bureau of Prisons' policies and procedures.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number:        2:10cr56-001
Defendant's Name:   MOHAMMED MODIN HASAN

# SUPERVISED RELEASE

Upon any release from imprisonment that might occur, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**. This term consists of Three (3) years on Counts 2 through 8, and Count 14, and a term of Five (5) years on Count 1 and Counts 9 through 12, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5 of 7
Sheet 4A - Supervised Release

| | |
|---|---|
| Case Number: | 2:10cr56-001 |
| Defendant's Name: | MOHAMMED MODIN HASAN |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) As a condition of any supervised release that might occur, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101 et seq. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties  
Page 6 of 7

Case Number:      2:10cr56-001  
Defendant's Name: MOHAMMED MODIN HASAN

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 7.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| 6 | $100.00 | $0.00 | $0.00 |
| 7 | $100.00 | $0.00 | $0.00 |
| 8 | $100.00 | $0.00 | $0.00 |
| 9 | $100.00 | $0.00 | $0.00 |
| 10 | $100.00 | $0.00 | $0.00 |
| 11 | $100.00 | $0.00 | $0.00 |
| 12 | $100.00 | $0.00 | $0.00 |
| 14 | $100.00 | $0.00 | $0.00 |
| TOTALS: | $1,300.00 | $0.00 | $0.00 |

# FINES

No fines have been imposed in this case.

Case Number: 2:10cr56-001
Defendant's Name: MOHAMMED MODIN HASAN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment ordered and shall notify the court of any change that may need to be made to the payment schedule.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.